[Civil No. 1748.  Filed December 31, 1919.]

[185 Pac. 820.]

SOUTHWEST HAY AND GRAIN COMPANY, a Corporation, Appellant, v. ROBERT SHERER and C. E. CROWLEY, Copartners Doing Business Under the Firm Name and Style of ROBERT SHERER & COMPANY, Appellees.

1. JUDGMENT—PAYMENT OF WITNESS FEES AS CONDITION ON VACATING DEFAULT.—On vacating a default judgment, the court may, in the exercise of a sound discretion, require defendant to pay witness fees which had accrued.

2. EVIDENCE—INSURANCE POLICY ADMISSIBLE TO SHOW VALUE.—In action for the conversion of hay where defendant claimed that plaintiff should pay a sum incurred for insuring the hay, the insurance policy *held* admissible to show that defendant's claim was unjust.

3. APPEAL AND ERROR—REVIEW OF VERDICT BASED ON CONFLICTING EVIDENCE.—A verdict based upon conflicting evidence, but with competent evidence reasonably tending to support the verdict and approved by the trial court, will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  R. C. Stanford, Judge. Affirmed.

Mr. W. H. Stilwell, for Appellant.

Mr. C. F. Ainsworth, for Appellees.

BAKER, J. — The above-entitled action was brought to recover the value of 36,356 pounds of oat

hay alleged to have been converted by the defendant. The defense interposed was that the defendant had moved the hay from a shed near Mesa to its warehouse in Phoenix and there stored the hay subject to plaintiff's order. It is claimed that the expense incurred by the defendant in the removal of the hay, consisting of freight and drayage charges, insurance, commissions, etc., was a proper charge against the plaintiff, and that the defendant offered to ship the hay to the plaintiff upon being paid such charges, but that the plaintiff refused to make such payment, and that thereupon the defendant sold the hay in open market for the net sum of $258.14 and tendered that amount to the plaintiff in its answer to the complaint. The trial resulted in a verdict and judgment for the plaintiff in the sum of $539.33. The defendant appeals from the judgment and the order overruling its motion for a new trial. It will be noticed that the amount involved in the litigation is really only about $281.19.

The points raised on the appeal and argued in the briefs of counsel are so simple and commonplace as not to warrant or justify any extended or elaborate discussion of the assignments of error. Out of such poor material it is not possible to formulate a precedent that would be of the slightest interest to the profession, or that would add anything of value to the general store of legal learning. We therefore feel justified in reducing the opinion to the mere statement of our conclusion without adding any elaborate reasons therefor.

The defendant complains, in the first place, of the ruling of the trial court requiring the payment by the defendant of $44.52 witness fees, as a condition to set aside a default judgment which had been entered against the defendant. This complaint is overruled. It was within the sound discretion of the court to im-,

pose reasonable terms upon which the default judgment would be set aside or vacated. This is common practice.

The policy of insurance was properly admitted in evidence. It tended to prove that the defendant's claim that the plaintiff should pay the item of $21 for insurance was unjust.

The ruling of the court in allowing the testimony of Harlson, the president and general manager of the defendant corporation, was not error. It was relevant and admissible upon the question of whether the defendant was justified in shipping the hay from Mesa to Phoenix at plaintiff's cost and expense.

We find no error in the instructions of the court. The objections thereto are technical and hypercritical rather than substantial. We think the jury were carefully and properly charged by the court as to the law and their duty in deliberating upon the issues and the verdict.

While there is some conflict in the evidence, yet there is evidence in the record of a substantial nature tending to support the verdict, and we will not, for that reason, interfere with the result of the deliberations of the jury. We have repeatedly decided that when controverted questions of fact are submitted to a jury and the evidence adduced is conflicting and contradictory but there is competent evidence reasonably tending to support the verdict and the trial court approves the same and renders judgment in accordance therewith, and a motion for a new trial is denied, we will not disturb the verdict of the jury and the judgment of the court on the weight of evidence.

Finding no substantial error in the record, and believing that the result reached was a just one, the judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.