449 P.2d 319

Karen HAENICHEN, a single woman, Appellant,

v.

John E. WORTHINGTON, J. Lucille Worthington and the Automobile Club Insurance Co., an Ohio corporation, Appellees.

No. 1 CA–CIV 626.

Court of Appeals of Arizona.

Jan. 15, 1969.

Charles Christakis, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Gerald L. Jacobs, Phoenix, for appellees.

KRUCKER, Judge.

This is an appeal from an order of the Superior Court of Maricopa County setting aside the default of the defendants and vacating the order and judgment by default in favor of the plaintiff and against the said defendants.

Plaintiff, Karen Haenichen, was injured in a one-car automobile accident while riding as a passenger in an automobile operated by defendant, John Worthington, and owned by Lucille Worthington. The accident occurred on January 1, 1965, and, in addition to this plaintiff, a second passenger was injured in this accident. In January of 1965, the second passenger commenced a lawsuit against the defendants, and in April of 1965 the defendants appeared to have their depositions taken. Attorney for Haenichen was present at the deposition, although at this time a complaint had not been filed to commence her action, and by stipulation this attorney was permitted to examine the defendants in the deposition.

In May, 1965, Haenichen commenced her action against the defendants, and personal service was had upon them on May 21, 1965. On May 27, 1965, defendants were again personally served with an alias summons and an amended complaint.

On June 11, 1965, plaintiff filed an affidavit of default against the defendants, and on June 22, 1965, a hearing was held and evidence presented on plaintiff's complaint before the court commissioner, who ordered judgment in favor of the plaintiff and against the defendants on June 24.

On June 28, 1965, defendants answered plaintiff's complaint, and on July 1, 1965, defendants moved to set aside the default and vacate the order and default judgment.

Defendants' motion to set aside the default and vacate the judgment entered thereon set up four grounds for setting this judgment aside.

Plaintiff opposed defendants' motion to set aside the default judgment, and on July 23, 1965, a hearing was held on this motion. The motion was taken under advisement, and on August 11, 1965, defendants filed a supplemental memorandum. On August 18, 1965, plaintiff requested a jury trial on the issues presented and filed further opposition to defendants' motion. On February 10, 1967, the superior court judge made an order setting aside the default and vacating the order and judgment by default.

Plaintiff has appealed from the setting aside of the default and the vacating of the default judgment in the following respects:

1. That the trial court erred in refusing to grant plaintiff a jury trial on the issues presented by defendants' motion.

2. That the trial court erred in granting defendants' motion to set aside default and vacate order and judgment by default.

3. That the trial court erred in refusing to make findings and give reasons for setting aside the default judgment, thereby precluding plaintiff from recovering costs in the event that the default judgment was set aside because of excusable neglect.

We turn first to the issue concerning plaintiff's request for a jury trial on the issues presented by defendants' motion. Preston v. Denkins, 94 Ariz. 214, 382 P.2d 686 (1963), set forth the rule that insofar as the nature of the issues is concerned, a motion to vacate a judgment on the grounds that it was entered without jurisdiction is analagous to an independent action in equity to have the offensive judgment set aside. The court held that since a jury would be available to either party in the independent action, it would likewise be available on the same basis in the proceedings on that motion to vacate. However, the court further stated that denial of a jury in such a case would not be

a ground for reversal where the evidence was without conflict and the court would have been compelled, had a jury been present, to withdraw the case from the jury's consideration.

Both parties have taken the position that Preston v. Denkins, supra, accords either party a right to a jury trial in *any* motion to vacate, regardless of the issues raised by the motion. We are not clear that such was the holding of our Supreme Court in that case. However, even if we were to indulge the position taken by the parties, we find that denial of a jury to plaintiff in this case resulted in no prejudice. Of the four issues raised in defendants' motion, there is not one which contains a significant issue as to any material fact. Instead, the parties, although in agreement as to what occurred, are in substantial disagreement as to the legal effects of the preceding events. Such being the case, the refusal to call a jury in this case did not constitute reversible error. Preston v. Denkins, supra.

■ We consider next the plaintiff's contention that defendants' motion to vacate and set aside was improperly granted. On an appeal from a judgment or order, the appellate tribunal will sustain the ruling of the lower court in case there exists any legal theory within the issues and supported by the evidence by which the trial court could have reached the result that it did. Cross v. Cross, 94 Ariz. 28, 381 P.2d 573 (1963); Oney v. Barnes, 5 Ariz. App. 460, 428 P.2d 124 (1967).

■ Default judgments, because their effect is to prevent a trial on the merits, are not favored by the courts. Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746 (1951). To this end, the courts are liberal in relieving parties of defaults caused by inadvertence or excusable neglect, and where doubt exists as to whether the motion to open the judgment should be granted or not, that doubt should be resolved in favor of the moving party. Brown v. Beck, 64 Ariz. 299, 169 P.2d 855 (1946).

■ Where a trial court has heard and determined a motion to vacate a default judgment, and where this motion, or one of the theories thereunder, is directed to the discretion of the trial court, then the result reached by that court will be sustained on appeal unless the record demonstrates that the decision below amounted to an abuse of discretion. Kohlbeck v. Handley, 3 Ariz.App. 469, 415 P.2d 483 (1966).

■ Defendants' motion asserted, *inter alia,* that their failure to timely file a responsive pleading was the result of mistake, inadvertence, or excusable neglect, and that they have a valid and meritorious defense. A motion to vacate setting forth such a ground is one directed to the discretion of the trial court. Brown v. Beck, supra; Eldridge v. Jagger, 83 Ariz. 150, 317 P.2d 942 (1957).

■■ The affidavits of the defendants indicate that this, and an earlier lawsuit as well, arose out of a single automobile accident. It is further shown that at some time prior to the institution of this lawsuit, plaintiff herein was represented at the deposition, and the defendants stated that because all parties involved in the automobile accident were present or represented at that time, that they believed that all lawsuits arising out of that accident had been commenced. The affidavits further show that defendants, when they were served in the institution of this lawsuit, received documents with the word "Copy" stamped or inscribed thereon. Defendants failed to forward the summons and complaint, served on May 21, 1965, to their attorneys, and as a result default was entered against them, and judgment taken thereon.

Under the foregoing circumstances, and giving the defendants' affidavits a construction appropriate to the context before us, it is our opinion that the trial court, without abusing its discretion, could have decided that there was excusable neglect on the part of the defendants. A person is excusably neglectful when his conduct might be the act of a reasonably prudent

person under the same circumstances, Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963), and we feel that the trial court could have been justified in finding that the conduct of the defendants met this test.

■■ A party who would have a default judgment against him vacated must show, in addition to the conduct making enforcement of the judgment inequitable, that if the cause were permitted to proceed to a trial on the merits, that he would at such a time be able to present a meritorious defense. Hendrie Buick Co. v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960). In proving the existence of a meritorious defense, the material facts set forth in the defendants' affidavits are to be deemed admitted, and it is not necessary that defendants do more than show that they have a defense to the action. Hendrie Buick Co. v. Mack, supra; Arizona Mining & Trading Co. v. Benton, 12 Ariz. 373, 100 P. 952 (1909). The affidavits of the defendants in the case before us are sufficient, in our opinion, to demonstrate the existence of meritorious defenses in this cause.

There being a justifiable ground for sustaining the order of the trial court, we hold that there was no error in setting aside the default and vacating the default judgment. Cross v. Cross, supra.

■ The last issue raised in this appeal is concerned with the fact that the order of the trial court which vacated the default judgment made no provision for awarding costs to plaintiff.

Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S. (as amended), provides that a party or his legal representative may be relieved by the court from the effects of a final judgment or order "On motion and upon such terms as are just * * *." It is plaintiff's position that she was entitled to know the basis or bases upon which the trial court set aside the default and vacated the default judgment, claiming that if the trial court's order was based on mistake, inadvertence or excusable neglect, that plaintiff would then be *entitled* to recover costs incurred by her as a result of defendants' failure to answer.

It is clear that the trial court, in vacating the default judgment, has the discretionary *power* to assess costs in the manner here suggested by plaintiff, Southwest Hay & Grain Co. v. Sherer, 21 Ariz. 166, 185 P. 820 (1919). That the court may do so, however, is not to say that it must. Plaintiff has cited no authority establishing her *right* to have the order vacating the default judgment conditioned upon payment of costs, nor has this court, in its own efforts, been able to find support for this proposition. Accordingly, we hold that plaintiff's final contention is without merit.

The order of the trial court setting aside the default and vacating judgment entered thereon is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.