487 P.2d 406

Joseph JOHNSON, Appellant,

v.

Sammy FRANCO, Jr., Appellee.

No. I CA–CIV 1468.

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 2, 1971.

Rehearing Denied Sept. 8, 1971.

Review Denied Oct. 13, 1971.

Thomas J. McLaughlin, Phoenix, for appellant.

George Sorenson, Jr., Phoenix, for appellee.

EUBANK, Judge.

The plaintiff has appealed from an order by the Superior Court setting aside a default and default judgment, under Rule 60(c) Arizona Rules of Civil Procedure, 16 A.R.S., contending that the trial judge abused his discretion in granting the motion and in refusing to grant the plaintiff his costs and attorney fees.

The plaintiff-appellant was injured on March 30, 1963, when he was struck by the defendant-appellant's auto in the town of Gila Bend, Arizona. The Dairyland Mutual Insurance Company, defendant's liability insurer hereinafter called "Dairyland", investigated the incident, determined there was no liability and closed its file. During this period Dairyland also retained an attorney to represent the defendant on a traffic citation he received arising out of the accident. This citation was subsequently dismissed.

The plaintiff filed his personal injury action against the defendant on February 28, 1964. The defendant, after he was personally served, took the summons and complaint to his private attorney, who filed an answer on his behalf. There is some confusion in the record as to whether his attorney or his partner were ever

informed that the defendant was insured or whether they ever contacted Dairyland or were contacted by Dairyland. In any event, the defendant did not personally inform Dairyland of the pending action. Many delays were encountered subsequently which are not material to the issue. Finally, the plaintiff obtained a default and default judgment against the defendant on February 3, 1968, almost four years from the filing of the complaint. For some reason that does not appear in the record, the plaintiff discovered defendant's insurance policy and caused a writ of garnishment to be issued against Dairyland on June 10, 1969, fifteen months after the default judgment. On June 25, 1969, Dairyland petitioned the court to set aside the default and default judgment and the motion was granted on March 13, 1970. This appeal followed.

■ In order to put the problem into proper perspective, the following observations are necessary. Most liability insurance policies include a clause to the effect that failure of the insured to give the insurer notice of a lawsuit will render the contract unenforceable as against the insurer and such is the case with the policy herein. Our legislature has enacted the Safety Responsibility Act which denies the insurer the right to set up the policy—notice—violation defense against a third party claimant, A.R.S. § 28–1170 subsec. F(1). The rationale of the case law interpreting this statute is that the Safety Responsibility law has as its purpose the protection and security of those innocently using the highways who are injured. And for the insured to be able, by his own subsequent acts in violation of the policy (i. e., failure to notify), to defeat the injured party's recovery would also result in defeating the legislative public policy expressed in the act. Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963). Consequently, under such circumstances the insurer, who has no knowledge or notice of a lawsuit against one of its insured, is severely

prejudiced by being forced to pay on a default judgment without having an opportunity to be heard on the merits of the case. Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967). Recognizing this problem the Supreme Court has held that a motion to set aside the judgment under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., is the insurance company's proper remedy in such cases. Sandoval, supra. The Supreme Court's latest pronouncement on the issue is the case of Camacho v. Gardner, 104 Ariz. 555, 456 P.2d 925 (1969). There the court stated at 104 Ariz. at 559, 456 P.2d at 929:

"* * * in order to uphold the sanctity of judgments, we require one seeking to open a default judgment to present a good excuse for having failed to appear and defend. At the same time, even though he may show a good excuse for not appearing, we refuse to permit him to open the judgment, unless he also shows that he has a good defense.

Another applicable rule is that the motion must be filed promptly. Sandoval, supra. In applying these rules, one must also keep in mind two other principles: First, the facts must be examined in the strongest light possible in favor of the party prevailing in the trial court, Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816, and, second, where the circumstances lead the court to hesitate upon the motion to open the default, the doubt should be resolved in favor of the motion."

The court further stated that the amendment to Rule 60(c) was designed to permit more liberal holdings in the type of case now before this Court. See also, 7 Moore's Federal Practice, p. 293, § 60.27 (2nd Ed. 1970).

The long delay, fifteen months, between the filing of the default judgment and serving garnishment was plaintiff's responsibility and it does not, in our opinion, qualify the holdings in Sandoval and Camacho, supra.

We have reviewed Dairyland's excuses for having failed to appear and defend set forth for the trial court as affidavits and we find them sufficient. In addition, Dairyland's claim of a meritorious defense is substantial. The affidavits show that shortly after the accident the plaintiff was interviewed by an adjuster for Dairyland who took a statement from the plaintiff to the effect,

> "* * * that he [plaintiff] was drunk at the time of the accident referred to in plaintiff's complaint, that shortly before said accident he had passed out as the result of having consumed so much beer and wine. Plaintiff further stated that he was wearing blue clothing and that the accident happened at night on a four-lane highway, and further admitted that there was no pedestrian crosswalk near or at the point where he was crossing said highway, namely, U. S. Highway 80 in Gila Bend, Arizona."

Obviously, if these facts are established by Dairyland at a trial on the merits, they *might* constitute a complete defense to the action in the eyes of the finder of fact. Haenichen v. Worthington, 9 Ariz.App. 83, 449 P.2d 319 (1969).

For the reasons stated, we find that the trial judge did not abuse his discretion in this matter and that the trend of the case law, statutes and policy clearly support the result reached by the trial court.

■ The plaintiff also contends that the trial judge abused his discretion by failing to grant plaintiff his attorney fees and costs. We know of no authority which allows plaintiff costs in this situation as a matter of right. It has always been within the court's discretion and we find that there has been no showing of an abuse in this regard. Haenichen v. Worthington, supra. Attorney's fees are ordinarily properly awarded only where a statute provides for them or where the parties have agreed to pay such fees. We are aware of no such statute or agreement in this case and find no abuse of discretion in the court's refusal to award attorney's fees. In re Estate of McConnell, 101 Ariz. 538, 542, 421 P.2d 895, 899 (1966); Colvin v. Superior Equipment Company, 96 Ariz. 113, 122, 392 P.2d 778, 784 (1964).

Accordingly, the judgment is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.