501 P.2d 53

Kenneth MARTIN, Appellant,

v.

John ROSSI, Jr., Appellee.

No. 1 CA–CIV 1659.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 26, 1972.

Rehearing Denied Oct. 11, 1972.

Review Denied Nov. 28, 1972.

**214**

Fred R. Esser, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by Jolyon Grant, Phoenix, for appellee.

HAIRE, Chief Judge, Division 1.

On this appeal the plaintiff-appellant contends that the trial court abused its discretion in granting the defendant-appellee's motion to set aside a default judgment entered against the defendant.

Plaintiff Martin filed an action in the Superior Court seeking damages from defendant Rossi alleged to have resulted from an intersection collision. The defendant was a City of Phoenix police officer, and at the time of the collision he was acting within the course and scope of his employment. However, the City of Phoenix was not made a defendant in the action. The affidavits accompanying defendant Rossi's motion to set aside the default judgment indicate that immediately upon service of the summons and complaint upon him, on March 26, 1970, he phoned his supervisor at the City of Phoenix police department. The supervisor advised defendant to take the summons and complaint to Mr. Jack LaSota, the legal advisor to the City of Phoenix police department. Defendant went to see Mr. LaSota on the following day, and advised him of the facts of the accident and further, that he was on duty as a uniformed patrol officer at the time of the collision. He mentioned to Mr. LaSota that the City of Phoenix had not been named as a defendant in the lawsuit, and asked whether or not he would be defended by the City or its insurance carrier. Mr. LaSota advised defendant that he probably would be defended, that he was not to worry, and that in any case the matter would be taken care of, and, if there were any problems, the defendant would be contacted.

From the time defendant Rossi contacted Mr. LaSota he heard nothing further concerning the case until approximately seven months later, when, on or about October 21, 1970, he received a letter from the Arizona Highway Department, Motor Vehicle Division, dated October 19, 1970, advising him that a judgment had been entered against him, and that unless this judgment was satisfied, his driving rights would be suspended. He subsequently learned that his default had been entered on April 16, 1970, and default judgment entered against him on May 12, 1970, all without his knowledge.

On October 30, 1970, some nine days after he first learned of the existence of the judgment, defendant filed a motion to set aside the default on the grounds that his failure to answer the plaintiff's complaint was due to "mistake, inadvertence, surprise or excusable neglect" and that he had a meritorious defense to the action. The trial judge granted the motion, and this appeal resulted.

Rule 55(c), Rules of Civil Procedure, 16 A.R.S., provides as follows:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c)."

Referring to the pertinent provisions of Rule 60(c):

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . . The motion shall be made within a reasonable time, and for reasons (1) . . . not more than six months after the judgment . . . was entered or taken."

Here defendant's motion was filed within six months after the entry of the judgment, and there is no real contention that the filing within nine days after defendant first received knowledge of the judgment was not within the statutorily required "reasonable time". Furthermore, the facts alleged in defendant's affidavits, if true, would unquestionably constitute a meritorious defense. Plaintiff does not even

argue that defendant's conduct, per se, was unreasonable or not that of a reasonably prudent man under the circumstances. *See Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957). Rather, the essence of appellant's contention is that the defendant must be charged with the acts of his agent, Mr. LaSota, and that Mr. LaSota's actions did not constitute "mistake, inadvertence, surprise or excusable neglect" within the meaning of Rule 60(c). As we have indicated above, Mr. LaSota was the legal advisor to the City of Phoenix police department and was not the defendant's personal attorney in the normal attorney-client sense. He (LaSota) filed an affidavit verifying that defendant advised him of the foregoing facts, and that as an employee of the City of Phoenix, one of his duties was to receive copies of lawsuits filed against police officers, and to transmit such copies, and information pertinent thereto, to the City law department if potential City liability was present; that LaSota told defendant that he had done everything required of him by informing LaSota of the lawsuit, and that LaSota would set in motion the normal City procedure for defending lawsuits against its employees. He also told defendant that he would notify defendant immediately if, in fact the City would not handle the defense of the lawsuit. He stated that after conferring with the defendant, he inserted a copy of the summons and complaint into a City interdepartmental mail envelope, addressed to the City law department, and placed it in the City mail tray in his office; that he did not recall in any way informing the law department of the City's interest in the action and concluded that this was a "serious oversight" on his part because nothing in the complaint indicated potential City liability.

■ Appellant, in his opening brief, states that:

"It would appear from the record herein that the operative cause of defendant's failure to answer was that

the appellee's agents neglected to advise anyone that the City of Phoenix had any potential liability on the complaint. This failure to act is nowhere explained except as a 'serious oversight.' "

This Court observes that mistake or inadvertence is rarely completely explainable. Under a given set of circumstances, it might well be that the "unexplainable" constitutes exactly that type of "mistake, inadvertence, surprise or excusable neglect" contemplated by Rule 60(c). On the other hand, many times "mistake, inadvertence, surprise or excusable neglect" which is completely explainable, such as the knowing procrastination illustrated by the conduct of the defendant in *Overson v. Martin*, 90 Ariz. 9, 363 P.2d 604 (1961), is not excusable. In our opinion the standards set by the language of Rule 60(c) are not susceptible of measurement with mathematical precision. While many subordinate rules and interpretations have been promulgated by various courts in various fact situations concerning the setting aside of default judgments, we think that the basic principle which must guide the reviewing court in every appeal is to determine whether the trial judge abused his discretion in finding the existence of mistake, inadvertence, surprise or excusable neglect. And, in making this determination, the appellate court must consider the total factual picture presented to the trial court— not just isolated facts such as whether or not an agent of the defendant can completely explain his admittedly "serious oversight". A rule of general application is that on appeal, if we have any doubts as to whether the trial judge has abused a discretion vested in him, we should not interfere with the disposition made by him. This rule is doubly applicable to appeals from a trial judge's order setting aside a default judgment, in view of the policy considerations underlying Rules 55(c) and 60(c) strongly favoring the disposition of litigation upon the merits of the claims involved. *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 409 P.2d 285 (1965); Haenichen

v. Worthington, 9 Ariz.App. 83, 449 P.2d 319 (1969).

In determining whether or not the trial judge abused his discretion, we must keep in mind that we are concerned with *defendant's* conduct, including, of course, the reasonableness of his reliance upon LaSota. Reviewing the total factual picture presented to the trial judge, we cannot say that the trial judge abused his discretion in setting aside the default judgment, notwithstanding the inability of LaSota to explain his admittedly "serious oversight". *See* City of Phoenix v. Collar, Williams & White Engineering, Inc., 12 Ariz.App. 510, 472 P.2d 479 (1970).

The order setting aside the default judgment is affirmed.

EUBANK, and JACOBSON, JJ., concur.