157 Ariz. 314 (1988)
757 P.2d 118
In the Matter of the Appeal in PIMA COUNTY MENTAL HEALTH SERVICE ACTION NO. MH-2116-1.
Nos. 2 CA-MH 88-0003, 2 CA-MH 87-0003.
Court of Appeals of Arizona, Division 2, Department B.
June 16, 1988.
*315 Constance L. Trecartin, Tucson, for appellant.
Stephen D. Neely, Pima County Atty. by Suzanne Hodges, Tucson, for appellee.
OPINION
LIVERMORE, Presiding Judge.
In this appeal from an involuntary commitment, appellant contends that he was denied the effective assistance of counsel. We revested jurisdiction in the trial court so that this claim could be initially reviewed on a motion to set aside the judgment under Rule 60(c), Ariz.R.Civ.P., 16 A.R.S. In support of the motion, appellant filed an affidavit stating that his trial attorney had not discussed the case with him before the hearing and had neither advised him as required by A.R.S. § 36-537(B) nor told him of his right to an independent evaluator under A.R.S. § 36-538. The trial attorney filed a controverting affidavit. Without a hearing, the motion was denied. We reverse.
Had appellant's claim of ineffective assistance of counsel been raised in a criminal case, an evidentiary hearing would have been required to determine whether appellant or his former attorney was telling the truth. State v. Schrock, 149 Ariz. 433, 719 P.2d 1049 (1986). We do not believe that result changes because a commitment proceeding is civil in nature. While Rule 43(i), Ariz.R.Civ.P., 16 A.R.S., confers discretion on the trial judge to hear motions by way of affidavits, we believe that discretion abused when a factual determination of the denial of a fundamental right is made only from conflicting affidavits. As the court stated in Sanders v. Monsanto Co., 574 F.2d 198, 199-200 (5th Cir.1978) in refusing to approve a factual determination in another context from affidavits alone:
A contempt proceeding from a court order is highly factual, approximating a trial on the merits. Therefore, evidence ought to be presented in the method most consistent with arriving at the truth. Historical experience has taught us that testimonial evidence has the highest reliability because the credibility of the witness can be evaluated, and the factual issues narrowed by cross-examination.
No less can be said when a person's freedom is at stake.
Reversed.
FERNANDEZ, J., concurs.
ROLL, Judge, dissenting.
I dissent and would affirm the order of the trial court.
The trial court had an opportunity to observe appellant and his attorney during the mental health hearing.[1] Rule 43(i), *316 Ariz.R.Civ.P., 16 A.R.S., authorized the court to rule based upon conflicting affidavits. Based upon the information which the trial court had before it, the trial court concluded that an evidentiary hearing was unnecessary.
Our standard of review is abuse of discretion. Torres v. North American Van Lines, Inc., 135 Ariz. 35, 40, 658 P.2d 835, 840 (App. 1983). In Martin v. Rossi, 18 Ariz. App. 212, 215, 501 P.2d 53, 56 (1972), this court stated:
The rule of general application is that on appeal, if we have any doubts as to whether the trial judge has abused the discretion vested in him, we should not interfere with the disposition made by him.
I would affirm the trial court's determination.
NOTES
[1] The record reflects that appellant repeatedly impeded his lawyer's efforts to represent him during the commitment proceedings.