534 P.2d 760

**WESTERN COACH CORPORATION, an Arizona Corporation, Appellant,**

v.

**MARK V MOBILE HOMES SALES, INC., a Colorado Corporation, Appellee.**

**No. 1 CA–CIV 2493.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 1, 1975.

Kaplan, Kaplan, Jacobowitz & Hendricks, P. A., by Henry Jacobowitz, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit by Michael V. Mulchay, Phoenix, for appellee.

## OPINION

FROEB, Judge.

Western Coach Corporation (Western), appellant, filed this lawsuit in the Superior Court of Maricopa County to recover the sum of $8,000 from Mark V Mobile Homes Sales, Inc. (Mark V), appellee. The claim was based upon fire damage to several mobile homes which had been sold by the appellant to appellee.

The complaint was filed on January 26, 1973, and thereafter, together with the required summons, was served upon appellee's statutory agent on February 22, 1973. No answer having been filed within the required 20 days, appellee's default was entered on March 15, 1973, followed by judgment on March 30, 1973. Appellee filed a motion to set aside the default and the judgment on April 13, 1973, which was granted by the trial court on July 13, 1973. It is from this order that Western appeals.

The motion of Mark V to set aside the judgment rested upon 16 A.R.S., Rules

of Civil Procedure, Rule 60(c)(1), namely, that the default, and consequently the judgment, had been entered against it by reason of "mistake, inadvertence, surprise or excusable neglect." It is well settled in Arizona that a party urging a motion on this ground must demonstrate facts which would entitle it to relief under this provision as well as show that it has a meritorious defense to the action. Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963); Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248 (1932); Parag v. Walters, 11 Ariz.App. 276, 464 P.2d 347 (1970).

The summons and complaint in this case were served by Western upon Dale Sivers, the duly appointed statutory agent for Mark V, on February 22, 1973, at 6:50 A.M. They were never forwarded by Sivers to Mark V for reasons which do not appear in the record. On the same day it appears that Sivers wrote Mark V requesting that his name be removed as statutory agent. Not only did he fail to send the summons and complaint, but he made no mention that the pleadings had even been served upon him.

The affidavit of Forrest Shaul, Vice-President of Mark V, states that Sivers had previously worked for Mark V until August, 1972, and that on information and belief he thereafter worked for Western and was so employed on February 22, 1973, the date of service. This is denied, however, on personal knowledge by Max T. Morgan, President of Western.

In its motion, and on this appeal, Mark V argues that these facts show excusable neglect and the judgment should be set aside. While excusable neglect does not lend itself to an exact definition, there must be a basis in the record from which the court can determine if the conduct involved is that of a reasonably prudent person under the circumstances. Appellant contends that the conduct of the statutory agent has not been shown to be excusable, relying upon Postal Benefit Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946); Lynch v. Arizona Enterprise Mining Co., 20 Ariz. 250, 179 P. 956 (1919); Sloan v. Florida-Vanderbilt Development Co., 22 Ariz.App. 572, 529 P.2d 726 (1974).

■ After reviewing the record we find we must agree, since there is no factual showing which would make it excusable. The issue of excusable neglect is framed by the affidavits of Forrest Shaul and Max T. Morgan. The Shaul affidavit, filed by Mark V in support of the motion to set aside the judgment, does not purport to explain why Sivers did not forward the summons and complaint to Mark V, his principal. It propounds only two matters relevant to the issue. First, it states on *information and belief* that at the time of service Sivers was employed by Western as well as being statutory agent for Mark V. Second, it avers that on the day of service Sivers wrote an officer of Mark V requesting that he be relieved of his duties as statutory agent. On the other hand, the Morgan affidavit filed in response to the motion to set aside the judgment states on personal knowledge that Sivers was not and never had been an employee of Western.[1] The only other pleadings relevant to the issue are the legal memoranda of counsel and the proposed unverified answer which Mark V attached to its motion.

■ Mark V argues that the "facts" set forth in the Shaul affidavit are sufficient for the trial court to determine in its discretion the existence of "excusable neglect" on the part of Sivers. We conclude, however, that the required factual showing is insufficient, both because it presents no factual explanation at all as to why the neglect should be found excusable and because it is not based on personal knowledge. See Arizona State Tax Commission v. Catalina Savings & Loan Association, 16

1. A supplemental affidavit filed by Forrest Shaul after the Morgan affidavit states on *information and belief* that Sivers "was in the employ of either Max T. Morgan, President of Western Coach Corporation, directly or indirectly, or employed by Morgan in some other business entity owned or controlled by him or by Western Coach Corporation."

Ariz.App. 398, 493 P.2d 944 (1972). Mark V suggests that it is not the neglect of the statutory agent, but rather the neglect of the principal itself in failing to file a timely answer, which determines whether the neglect is excusable. We disagree, since it is the conduct of the statutory agent which is examined to determine whether the neglect is excusable. Lynch v. Arizona Enterprise Mining Co., supra.

■ Finally, Mark V contends that since Sivers wrote his resignation letter on the same day that process was served upon him, an inference is raised that service was "hidden" from the corporation justifying relief from the default judgment under part 6 of Rule 60(c). However, we do not reach the question of whether part 6 of Rule 60(c) is applicable, since the factual record to support such a contention is not present. That is, we cannot reasonably "infer" from the Shaul affidavit that Sivers intentionally omitted forwarding the summons and complaint to Mark V.

■ Thus, with no adequate factual showing that the failure of the statutory agent to forward the summons and complaint was the result of excusable neglect, the burden which Rule 60(c) imposes was not met by Mark V. We, therefore, follow the rule reiterated by the Arizona Supreme Court in Postal Benefit Insurance Co. v. Johnson, supra:

> ". . . We are committed to the rule that where service had been made on a duly appointed statutory agent, and the agent failed to notify his principal, through mere carelessness, that such a showing does not constitute 'excusable neglect but was indeed inexcusable neglect.' Lynch v. Arizona Enterprise Min. Co., 20 Ariz. 250, 179 P. 956. We believe the majority of the cases support this view. . ." 64 Ariz. 25, 34, 165 P.2d 173, 178 (1946).

The second issue raised by appellant is whether appellee presented a sufficient showing of a meritorious defense in its motion to set aside the judgment. In view of our determination of the first issue, we need not reach this question.

For the reasons stated, the order of the trial court dated July 13, 1973, setting aside the default and default judgment is vacated.

Order vacated.

OGG, P. J., and NELSON, J., concur.