560 P.2d 806

Peter SHEMAITIS and Eda Shemaitis, husband and wife, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona FOR PIMA COUNTY, the Honorable Gilbert Veliz, a Judge thereof, and SALVATION ARMY, Real Party in Interest, Respondents.

No. 2 CA–CIV 2395.

Court of Appeals of Arizona, Division 2.

Dec. 22, 1976.

Rehearing Denied Jan. 19, 1977.

Review Denied Feb. 23, 1977.

Ganson, Powell & Hays by Norris L. Ganson, Tucson, for petitioners.

Murphy & Hazlett by Carl E. Hazlett, Tucson, for respondent Salvation Army.

OPINION

HATHAWAY, Judge.

Petitioners challenge the trial court's granting of a motion to set aside an entry of default. Since there is no remedy by appeal, intervention by way of special action is appropriate and we take jurisdiction. The respondent real party in interest was served with a copy of summons and complaint on June 28, 1976, the complaint stemming from a motor vehicle accident. On July 27, default was entered, no appearance or answer having been made in the said action. Thereafter, on August 11, defendant Jack Eugene Daniels, an agent of the real party in interest, who had not been served with a copy of summons and complaint, filed an answer. On August 20, the petitioners were awarded default judgment against the real party in interest only and on August 25, the real party in interest filed a motion to set aside the default which was extended at the hearing to include the judgment. After hearing on the motion, the respondent court granted the motion. Petitioners take the position that since the real party in interest did not show excusable neglect, the granting of the motion by the trial court was an abuse of discretion and should be vacated. We agree with this contention.

According to affidavits filed by the real party in interest, the summons and complaint were forwarded to the Salvation Army's regional headquarters on June 28. Thereafter, the complaint was forwarded to the office of its insurance adjusting company in Los Angeles. A delay then occurred until August 11, at which time the insur-

ance adjusting company forwarded the file to its Phoenix office. There is no explanation of what transpired between June 28 and August 11. According to the affidavits of one of the attorneys for the real party in interest and its agent, he received notice on August 11 that default had been entered and on that date he filed an answer only on behalf of the agent Daniels. However, Daniels had not even been served with a copy of the summons and complaint. Nine days later entry of default was had against the real party in interest, and it was still not until August 25 that a motion to set aside default was filed. There is no explanation for the delay of an additional two weeks before any action was taken on behalf of the real party in interest.

We are left with a record in which the delays are not explained and therefore we have no basis on which to say the delay was excusable. Mere passage of time does not constitute excusable neglect as judicial notice has been taken of the invention of telephones for purposes of long distance communication to speed a case such as this along. *Schering Corporation v. Cotlow*, 94 Ariz. 365, 385 P.2d 234 (1963). In *Marsh v. Riskas*, 73 Ariz. 7, 236 P.2d 746 (1951), it was stated:

> "To affirm the trial court's action would mean its discretion would not be subject to review by this court. The mere restatement of the words of the code without setting out the defense relied upon is not sufficient. 'An application to open, vacate or set aside a judgment is within the sound legal discretion of the trial court and its action will not be disturbed by an appellate court except for a clear abuse of discretion. It is an abuse of discretion, however, to open or vacate a judgment where the moving party shows no legal ground therefor or offers no excuse for his own negligence or default.'" 73 Ariz. at 11, 236 P.2d at 749.

We believe there has not been a sufficient showing of excusable neglect and therefore the trial court abused its discretion in granting the motion of the real party in interest. We therefore vacate the order of the trial court granting the motion.

HOWARD, C. J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: The Honorable JACK G. MARKS was called to sit and participate in the determination of this decision by order of the Chief Justice, Arizona Supreme Court.