652 P.2d 1035
**Thomas RICHAS, a married man, Petitioner,**

**v.**

**The SUPERIOR COURT OF the State of ARIZONA In and For the COUNTY OF MARICOPA, the Honorable Morris Rozar, a Judge Thereof, and Motorola, Inc., Real Party in Interest, Respondents.**

**No. 15890–SA.**

Supreme Court of Arizona, En Banc.

Sept. 28, 1982.

Rehearing Denied Nov. 2, 1982.

Burch & Cracchiolo by John F. Day, Steven L. Reed, Phoenix, for petitioner.

Andrews, Marenda & Moseley by Dale E. Marenda, Phoenix, Michael D. Mercier, Tempe, for respondent Motorola, Inc.

FELDMAN, Justice.

Petitioner brings this special action proceeding to challenge the trial court's order vacating an entry of default against the real party in interest, Motorola. We accepted jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S., and Arizona Constitution art. 6, § 5.

## JURISDICTION

An order vacating entry of default is not appealable; therefore, review by special action proceedings is appropriate. *Shemaitis v. Superior Court,* 114 Ariz. 288, 288, 560 P.2d 806, 806 (1976).

## FACTS

On May 23, 1980, petitioner filed a complaint in the Superior Court of Maricopa County, seeking recovery of damages for personal injuries allegedly sustained by him as the result of Motorola's negligence.

After service of the complaint, petitioner's counsel commenced negotiations with Zurich-American Insurance Co. (Zurich), Motorola's insurance carrier. Petitioner granted Zurich an open extension of the time for answer. Negotiations between petitioner's counsel and Zurich's claims representative were not successful. On November 12, 1981, after almost 17 months of negotiations, petitioner's counsel wrote Zurich's California claims office, stating that the carrier's representations of desire to settle were evidently "less than well intended" and stating further as follows:

> Accordingly, please be advised that you are instructed to answer the Complaint in the above-cited matter within 10 days of the date of this letter. Failure to so answer will require us to default your insured.

> As an alternative to incurring any additional costs associated with legal defense in this claim, I would propose you provide my client with a good faith offer to settle this matter by November 22, 1981.

The November 12 letter was received by Zurich in its California office on November 16, 1981. Zurich did not respond to the letter and took no other action until November 24, when one of its claims representatives called Zurich's local counsel in

Phoenix. That attorney was unable to reach petitioner's counsel until November 25, at which time he learned that default had been entered on the 24th. Thus, Motorola's default was entered twelve days after the date of the letter revoking the open extension, eight days after receipt of that letter by Zurich, and two days after the deadline set in that letter had expired. On December 28, 1981, thirty-four days after Zurich discovered that default had been entered, Zurich's Phoenix counsel appeared for Motorola and moved to set aside the default, pursuant to Rules 55(c) and 60(c), Rules of Civil Procedure, 16 A.R.S.[1]

The trial court granted the motion to set aside, and petitioners then brought these proceedings pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S., claiming that the trial court abused its discretion and acted in excess of its legal authority in granting the motion. Having reviewed the record, we agree, and now vacate the order of the trial court.

## GROUNDS TO SET ASIDE—GENERAL PRINCIPLES

The entry of default may be vacated and set aside "for good cause shown." Rule 55(c). The good cause necessary for setting aside or vacating entry of default is the same as that required for relief from a judgment by default. *DeHoney v. Hernandez,* 122 Ariz. 367, 371, 595 P.2d 159, 163 (1979). Motorola sought relief under Rule 60(c)(1). Motorola correctly acknowledges that in order to obtain such relief it must have shown each of the following elements: (1) that it acted promptly in seeking relief from the entry of default; (2) that its failure to file a timely answer was due to either mistake, inadvertence, surprise or excusable neglect; and (3) that it had a meritorious defense. *Id.*

The law favors resolution on the merits and therefore resolves all doubts in favor of the moving party. *Union Oil Co. of California v. Hudson Oil Co.,* 131 Ariz. 285, 640 P.2d 847, 850 (1982). Thus, the trial court has broad discretion and its exer-

cise of that discretion will not be disturbed, unless a clear abuse is shown. *Id.*

This does not mean, however, that all entries of default or judgments by default will be set aside. There is a principle of finality in proceedings which is to be recognized and given effect. *Camacho v. Gardner,* 104 Ariz. 555, 559, 456 P.2d 925, 929 (1969). Thus, although the trial court has broad discretion to resolve all doubts in favor of setting aside the entry of default or the judgment by default, "the discretion thus vested in the court is a legal, and not an arbitrary or personal discretion. There must be some legal justification for the exercise of the power, some substantial evidence to support it." *Lynch v. Arizona Enterprise Mining Co.,* 20 Ariz. 250, 252, 179 P. 956, 957 (1919), cited in *Marquez v. Rapid Harvest Co.,* 1 Ariz.App. 138, 140, 400 P.2d 345, 347 (1965), *vacated on other grounds,* 99 Ariz. 363, 409 P.2d 285 (1965) Thus, a proper showing of facts is "a prerequisite to the exercise" of the discretion given the trial court. *Smith v. Monroe,* 15 Ariz.App. 366, 367, 488 P.2d 1003, 1004 (1971).

With these legal principles in mind, we have reviewed the record to determine whether there was sufficient evidence before the court below from which it could have exercised its discretion to find that Motorola had sought relief reasonably promptly; had shown mistake, surprise, inadvertence or excusable neglect; and had shown a meritorious defense. We find that Motorola failed to provide a sufficient showing with regard to any of the elements necessary.

## PROMPT ACTION

Zurich's counsel, acting on behalf of Motorola, learned on November 25, 1981 that default had been entered the previous day. Motorola appeared and moved to set aside the entry of default on December 28, thirty-four days after it first discovered that default had been entered. Its motion states that it "has made a prompt application for relief." There is no other reference

1. The Rules of Civil Procedure will be cited as Rule ____.

to the delay in filing the motion. None of the records provided us by the parties contains any explanation regarding the reason it took Motorola five weeks to file its motion. Motorola's failure to explain the five-week delay in seeking relief provided the trial court with no basis on which it could exercise its discretion to determine that the first of the three required elements had been established. The burden of explanation is upon the party seeking to set aside the entry of default. *Sloan v. Florida-Vanderbilt Development Corp.,* 22 Ariz.App. 572, 574, 529 P.2d 726, 728 (1974). We are unable to agree that the trial court could assume that a thirty-four day delay in filing a six-page motion is prima facie reasonable. Since the delay is not explained, there is no basis on which the court could exercise its discretion to find it reasonable. *Cf. Marquez v. Rapid Harvest Co., supra,* 99 Ariz. at 366, 409 P.2d at 287.

### EXCUSABLE NEGLECT

In support of its motion to set aside, Motorola filed the affidavit of John Shak, the claims manager for Zurich. Shak's affidavit is the only explanation respondent has attempted to provide for the failure to file an answer between November 16, the date Zurich received the letter revoking the extension of time to answer, and November 24, the date on which default was taken. The affidavit indicates that Zurich's office handles and settles hundreds of claims daily, that the file had previously been handled by a claims adjuster who had left Zurich's office in October 1981, at which time the file was transferred to a different adjuster (Phipps) and that "because of the transfer of the file from one adjuster to another [one month earlier], and the time-consuming procedure of filing the correspondence in the file, Adjuster Phipps probably would not have seen this letter until one week later...." There is no other explanation, nor any specifics given with regard to why it should take one week for the letter to reach the adjuster in charge of the file. Nor, in fact, does the affidavit indicate by personal knowledge whether the letter actually did take that long to reach the adjuster in charge of the file. The law re-quires more. The affidavit or testimony must be based upon personal knowledge and must allege facts sufficient to establish what occurred and explain why it should be found excusable. *Western Coach Corp. v. Mark V Mobile Home Sales, Inc.,* 23 Ariz. App. 546, 548, 534 P.2d 760, 762 (1975). Again, the burden of making that explanation is upon the moving party. *Sloan v. Florida-Vanderbilt Development Corp., supra.*

In its memorandum in this court, Motorola acknowledges that the record "[does] not specifically identify one particular employee or procedure which might have delayed the receipt of ... [the] letter, by the proper adjuster." Respondent attempts to make a virtue of this vice by arguing that "mistake or inadvertence is rarely completely explainable," citing the words of Judge Haire in *Martin v. Rossi,* 18 Ariz.App. 212, 215, 501 P.2d 53, 56 (1972). Those words, however, are not to be interpreted to mean that one need not explain that which could be explained. *Martin v. Rossi* held that the court could exercise its discretion to set aside a judgment by default where the defendant had explained his own actions in careful detail and thereby established his justifiable reliance upon the promise of his employer's attorney that the answer would be filed. *Id. at* 215–16, 501 P.2d at 56–57. The movant had shown his excusable neglect and was not denied relief because of his inability to explain the actions of one who was not his agent.

Rule 60(c)(1) permits vacating the entry of default or judgment by default for "excusable neglect," not "unexplained neglect." If, by affidavit or otherwise, the defendant fails to provide sufficient facts to explain the failure to take the responsive action required by the rules, the motion must be denied. Where there is no explanation for the delay, there is no excuse shown and no legal ground for vacating the default, so that an order vacating and setting aside default and judgment by default is an abuse of discretion. *Shemaitis v. Superior Court,* 114 Ariz. at 289, 560 P.2d at 807 (quoting *Marsh v. Riskas,* 73 Ariz. 7, 11, 236 P.2d 746, 749 (1951)).

Respondent argues, however, that "[t]he complexities of operating a large insurance office with numerous adjusters" can provide sufficient reason to characterize the neglect as excusable in this case. In *Coconino Pulp & Paper Co. v. Marvin,* 83 Ariz. 117, 317 P.2d 550 (1957), and in other cases, the most recent of which is *Cook v. Industrial Commission, et al.,* 133 Ariz. 310, 651 P.2d 365 (1982), we acknowledged that clerical and secretarial errors which occur in a large law office are often unavoidable and are ordinarily excusable. The same principle is applicable to a large insurance office. However, respondent's reliance on *Marvin* is misplaced. This is not a clerical or secretarial error case; it is an unexplained error case. *Marvin* has neither application nor relevance.

[9] Respondent then argues that its neglect was excusable because it was not given sufficient notice of plaintiff's intent to revoke the open extension and to seek entry of default if an answer had not been filed. No doubt recognizing the difficulty with this argument,[2] respondent argues that the revocation letter was not a clear and unambiguous demand for an answer. This argument is unpersuasive.

Unlike *Mann v. Hennessey,* 2 Ariz.App. 438, 409 P.2d 597 (1966), in which the purported revocation letter stated that "unless you can come up with some figure different than the one you have submitted, it is suggested that you file an Answer immediately," the letter in the case under consideration here is very definite. It stated: "you are instructed to answer the Complaint ... within 10 days of the date of this letter." The insurer was also informed that "failure to so answer will require us to default your insured." It is difficult to see how the demand for filing of an answer could have been more explicit. The succeeding paragraph which indicates a willingness to listen to further settlement offers does not detract from the demand for the filing of an answer, especially since Zurich does not even attempt to attribute its failure to answer to an effort to make futher settlement proposals.

■ Respondent further argues that under Rule 6(e) it was entitled to five additional days for answering (thus, a total of 15 days) because the demand for an answer within 10 days was sent by mail. This argument is even less persuasive. The revocation letter was not a notice or pleading filed or sent under the Rules of Civil Procedure. We know of no decision which applies the time periods set forth in the Rules of Civil Procedure to correspondence between the parties, and as a matter of policy we decline to apply those time periods to such correspondence.

■ One further point should be mentioned. We have recently held in *Union Oil Company of California v. Hudson Oil Company, supra,* that an insurer which is liable to pay the judgment may appear and move to set aside that judgment under the residual clause (part (6)) of Rule 60(c), where it has been blameless and was prevented from defending by the neglect of its insured. This case presents the reverse of that same principle. Here, as far as the record shows, Motorola was blameless and probably without knowledge of the entire situation which led to the entry of default. However, the insurer, which is liable for payment of the judgment and was in charge of the defense, has failed to establish excusable neglect; under these circumstances, that failure is attributable to the insured. Where the insurer is in charge of the defense, its conduct will be examined in determining whether there was excusable neglect. *See Camacho v. Gardner, supra; Mayhew v. McDougall,* 16 Ariz.App. 125, 491 P.2d 848 (1971). *See also Schering Corp. v. Cotlow,* 94 Ariz. 365, 385 P.2d 234 (1963) (holding the client bound by its attorney's neglect).

We hold that on the record before us there were insufficient facts upon which the court could predicate even a discretionary finding that the failure to answer was due to "excusable neglect."

---

2. Respondent had eight days of actual notice between receipt of the demand letter and the entry of default. Our courts have taken judicial notice of "the invention of telephones for the purposes of long distance communication to speed a case such as this along." *Shemaitis v. Superior Court,* 114 Ariz. at 289, 560 P.2d at 807.

## MERITORIOUS DEFENSE

The only attempt to show a meritorious defense in this case was by affidavit attached to respondent's motion to vacate. That affidavit was signed by the adjuster who had originally worked on the file, and its *only* relevant statement on this issue is as follows: "The claim involved a trip and fall injury suffered by a construction worker while he was on a job site located at a Motorola Construction project . . . . "

In discussing the element of meritorious defense, we have acknowledged that the affidavit showing such a defense "is not intended to be a substitute for a trial of the facts. It is enough if there is shown from all the material facts set forth in the affidavit . . . that there is a substantial defense to the action." *Union Oil Co. of California v. Hudson Oil Co.,* 131 Ariz. 285, 640 P.2d at 851.

The adjuster's affidavit here falls far short of showing anything. Respondent argues that since this is a "trip and fall injury case," we must infer that there is a substantial defense. This is not permissible because respondent has failed to present any facts which would support such an inference. A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge. *See Marsh v. Riskas,* 73 Ariz. 7, 236 P.2d 746 (1951); *Rogers v. Tapo,* 72 Ariz. 53, 230 P.2d 522 (1951); *Brandt v. Daman Trailer Sales, Inc.,* 116 Ariz. 421, 569 P.2d 851 (App.1977). In *Union Oil Co. of California v. Hudson Oil Co., supra,* and in *Hendrie Buick Co. v. Mack,* 88 Ariz. 248, 355 P.2d 892 (1960), the affidavits were held sufficient because they set forth facts which, if proved at the trial, would constitute a meritorious defense. The only facts respondent provided here would prove that petitioner fell while working in a construction project. We fail to see what defense this would establish. Though we acknowledge that the showing of a meritorious defense need not be strong, we hold that it must be greater than mere speculation.

In conclusion, we hold that respondent failed to provide sufficient facts to permit the trial court to exercise discretion to set aside the entry of default. Accordingly, the trial court's order is vacated and the case is remanded for proceedings consistent with this opinion.

HOLOHAN, C.J., GORDON, Vice C.J., and HAYS and CAMERON, JJ., concur.