NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NATHAN C., *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, T.C., A.C.,
*Appellees.*

No. 1 CA-JV 13-0300
FILED 5-22-2014

Appeal from the Superior Court in Yavapai County
No. P1300JD201200032
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer, P.C., Anthem
By Florence M. Bruemmer, Tanya R. Imming-Hill
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellees*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1        Nathan C. ("Father") appeals the order terminating his parental rights to his children, T.C. and A.C.  He argues that the juvenile court erred by terminating his rights in absentia because he demonstrated good cause for his failure to appear.  Finding no error, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        Father and Michelle G. ("Mother") are the biological parents of T.C. and A.C.  Mother, however, has not been in the children's lives for the past decade.  Although Father was in the children's lives, he handed over the daily care of his children to his mother and sister.

¶3        The Arizona Department of Economic Security ("ADES") received a report in March 2012 that the grandmother and aunt had abused A.C. by hitting him with an umbrella.  Both children were taken into temporary custody, and ADES filed a dependency petition against the parents on April 4, 2012.  The juvenile court subsequently found the children to be dependent as to both parents and approved a case plan of family reunification.  The children remained in foster care.

¶4        At the July 16, 2013 review hearing, the court granted the request to change the case plan from family reunification to severance and adoption, and ADES filed a petition to terminate the parental rights of Father and Mother.  The petition alleged that the children had been away from Father and in out-of-home care for fifteen months or longer and Father had been unable to remedy the circumstances that caused the children to be in out-of-home care.

---

[1] We view the facts in the light most favorable to upholding the superior court's ruling.  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 13, 231 P.3d 377, 380 (App. 2010).

¶5 Father attended the initial severance hearing by telephone. He, however, failed to attend the scheduled pretrial conference on October 22, 2013. ADES, as a result, moved to proceed in absentia. The court found that Father failed to show good cause for his failure to appear and granted the request. The children's case manager testified and Father's lawyer was given the opportunity to cross-examine her. The court terminated Father's rights and directed ADES to lodge an order for its consideration. The court subsequently filed its signed formal findings of fact and conclusions of law, and order, terminating Father's parental rights to the two children. Father timely appealed.[2]

## DISCUSSION

¶6 On appeal, Father argues that the juvenile court erred by conducting the severance hearing in his absence because his counsel demonstrated good cause for his non-appearance. We disagree.

¶7 "If a parent does not appear at a pretrial conference, . . . the court, after determining that the parent has been instructed as provided in § 8-535, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear." Ariz. Rev. Stat. ("A.R.S.") § 8-537(C);[3] *accord* Ariz. R.P. Juv. Ct 64(C). If the court cannot find good cause why the parent did not appear, the court can terminate the parent's rights "based on the record and evidence presented." A.R.S. § 8-537(C); *accord* Ariz. R.P. Juv. Ct 64(C).

¶8 Whether a parent has failed to demonstrate good cause to excuse his or her absence from the proceeding is a ruling we review for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 230 (App. 2007). "Good cause for a failure to appear is largely discretionary" and we will not disturb it unless "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (citations omitted) (internal quotation marks omitted). To demonstrate good cause, "the moving party must show that (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists." *Christy A. v. Ariz. Dep't of Econ. Sec.,* 217 Ariz. 299, 304, ¶ 16, 173 P.3d 463, 468.

---

[2] Mother's parental rights were also severed. She, however, is not a party to this appeal.

[3] Absent any changes material to this decision, we cite to the current version of the applicable statutes.

¶9        Here, Father had notice of the October 22, 2013 pretrial hearing date and was aware of the consequences for his failure to appear. He had participated in the initial severance hearing in August 2013, and had received and signed Form III.[4]  Father did not, however, appear at the scheduled pretrial conference.  When asked by the court where Father was, Father's counsel replied:

> Your Honor, I do not know.  He did appear for the [October 4, 2013]. . . mediation.  He was on the phone.  I do know that he does not have transportation currently.  His mother is in the hospital and he appeared telephonically at the mediation because he did not have transportation.  Since then, I have not spoken to him.  I have not called him to remind him about today's hearing.

¶10        The court found the explanation insufficient to establish good cause for Father's failure to appear.  Moreover, Father did not provide the court with any additional information explaining his absence, by affidavit or otherwise, at any time prior to filing his appeal.  He did not attempt to set aside the entry of default by filing a motion for reconsideration or motion for new trial.

---

[4] Father was provided with and signed Form III, which stated:

> You are required to attend all termination hearings.  If you cannot attend a court hearing, you must prove to the Court that you had good cause for not attending.  If you fail to attend the Initial Termination Hearing, Termination Pre-Trial Conference, Status Conference, or Termination Adjudication Hearing without good cause, the Court may determine that you have waived your legal rights and admitted the grounds alleged in the motion/petition for termination. The hearings may go forward in your absence, and the Court may terminate your parental rights to your child based on the record and evidence presented.

¶11        Father now argues that his absence was justified for two reasons.  First, he contends that because he appeared telephonically at the previous hearing, the court should have contacted him for the pretrial conference.  And, he argues that ADES should have provided him with transportation.  As a result, he argues that the court erred by not continuing the hearing until the scheduled trial date of November 20, 2013.  We disagree.

¶12        Father did not demonstrate why he was not at the pretrial hearing.[5]  Although his lawyer stated that he appeared for the mediation telephonically because he did not have transportation, the failure to have transportation or make other arrangements to appear may not be good cause for the failure to appear.  *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶¶ 11-13, 237 P.3d 632, 635 (App. 2010).  Moreover, there is nothing in the record to suggest that the juvenile court was asked to allow him to participate telephonically and nothing to suggest that the court should have considered the issue sua sponte.  And, counsel did not ask the court at the hearing to allow her to attempt to contact him telephonically.

¶13        Additionally, there is nothing in the record to suggest that Father asked ADES for transportation assistance, or that it was withheld unreasonably.  Because there is nothing in the record that suggests why Father was absent on the day of the pretrial conference hearing, the court did not abuse its discretion by finding that he did not have an excuse for not being present.  *See Richas v. Superior Court*, 133 Ariz. 512, 515, 652 P.2d 1035, 1038 (1982) (stating that "[w]here there is no explanation for the delay, there is no excuse shown and no legal ground" to support a finding of good cause).  Consequently, the court did not abuse its discretion in proceeding to take testimony to terminate Father's parental rights. [6]

---

[5] There was a report that Father worked the graveyard shift, which made it difficult for him to visit with the children, but the court had no other information.

[6] Because Father did not attempt to have his default set aside before filing the appeal, we do not address for the first time on appeal whether he had a meritorious defense.  *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44 n.3, ¶ 19, 178 P.3d 511, 516 n.3 (App. 2008).

## CONCLUSION

**¶14**     Based on the foregoing, we affirm the termination of Father's parental rights to his children, T.C. and A.C.



Ruth A. Willingham · Clerk of the Court
FILED: MJT