NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRIAN H., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, L.H., A.H., *Appellees*.

No. 1 CA-JV 15-0007
FILED 5-28-2015

Appeal from the Superior Court in Maricopa County
No.  JD510277
The Honorable Karen L. O'Connor, Judge

**AFFRIMED**

COUNSEL

By Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellees*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**G E M M I L L**, Judge:

¶1        Brian H. ("Father") appeals from the juvenile court's order terminating his parental rights to two biological children.  He argues the court erred in finding that he failed to appear at a pretrial conference without good cause.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Father is the biological father of L.H., born in 2006 and A.H., born in 2008.  In March 2013, while Father was incarcerated, DCS took the children into temporary custody and placed them with Father's parents because of concerns that the children's mother was using drugs.[1]  Because Father was incarcerated, the children were adjudicated dependent and the initial case plan was family reunification.  Father was to take advantage of available services while in prison; however, he failed to participate in services for substance abuse and parenting skills provided by the prison.

¶3        In January 2014, Father was released from prison.  Father was referred for parent aide services, substance abuse testing, and urinalysis testing by Terros.  As of seven months later, Father had missed seven substance abuse tests and two counseling intake appointments, refused to participate in parent aide services, and failed to schedule an intake appointment with Terros.  Father was present at a review hearing when DCS moved to amend the case plan and the court changed the case plan to severance and adoption.  At this hearing, Father signed a Form III notice that informed him of the consequences of failing to appear at any future hearing.  DCS later filed its motion for termination of the parent-child relationship on the grounds of substance abuse and fifteen months out-of-home placement pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533.

¶4        The juvenile court held a pretrial severance conference on October 30, 2014.  Father failed to appear by the start of the hearing, which started twenty-three minutes late.  Although neither the court nor Father's counsel had received any communication from him explaining his absence, counsel noted that Father recently had surgery and was experiencing post-surgical difficulties.  DCS then made an oral motion to proceed by default. Based on the available record, the court found that Father had failed to

---

[1] The children's mother is not a party to this appeal.

appear without good cause and proceeded with a hearing on severance of parental rights.

**¶5** The court admitted DCS's reports into evidence and heard testimony from the DCS caseworker. Father then appeared eleven minutes after the hearing began. His counsel objected to continuing with the severance hearing. The court, however, proceeded with the hearing, noting that no finding as to Father would be made and that the court would take the "default issue" under advisement.

**¶6** Following DCS's presentation of evidence, Father testified in regard to his tardiness. He explained, and provided evidence, that he had knee surgery nine days earlier and asserted that this caused him limited mobility. He further explained that he was unable to arrange for transportation by car so he instead took a bus. Following his testimony, the court provided that it would take the issue of good cause under advisement and ordered Father to provide documentation regarding his surgical procedure and transportation issues. The court then set a further pretrial conference regarding the contested severance and the issue of default.

**¶7** Father filed a response to DCS's oral motion to proceed by default, arguing he did not waive his rights under A.R.S. § 8-537(C) and did not fail to appear. Father asserted he was tardy for legitimate reasons: his limited mobility and need to take public transportation to the hearing. Father did not attach any documents or affidavits to his response.

**¶8** Father did not appear at the scheduled pretrial conference in October 2014. His counsel noted Father called the caseworker and told her he was having difficulty "changing buses." The court found that Father had again failed to appear without good cause and ruled that after considering the testimony given at the October 2014 conference and the exhibits, clear and convincing evidence supported terminating the parent-child relationship. Specifically, the court found that Father was unable to discharge parental responsibilities because of chronic substance abuse and that there were reasonable grounds to believe the condition would continue for an indeterminate period because Father failed to submit to drug testing. The court also found that the children were in an out-of-home placement for 15 months, DCS made diligent efforts to provide services to Father, but Father failed to participate in any of the services, and thus Father has been unable to remedy the circumstances that caused the out-of-home placement. Finally, the court found by a preponderance of the evidence that severance was in the children's best interests.

¶9 Father filed a motion for reconsideration in December 2014. He argued that he "should not be deemed to have 'waived' any rights" because he had transportation issues and arrived late to the hearings.[2] The court set a briefing schedule for DCS to file a response and for Father's reply. Then, in January 2015, after DCS had lodged its proposed findings of fact, conclusions of law, and severance order, and without objection, the court signed and filed the findings of fact, conclusions of law, and the severance order, which were consistent with its earlier ruling from the bench. Father filed a timely appeal.

¶10 Even though the court later denied Father's motion for reconsideration in February 2015 and Father never filed an amended notice of appeal, this court has appellate jurisdiction over the denial of the motion for reconsideration as well as the severance order itself. When the court filed the final judgment, it denied the motion for reconsideration by operation of law. *See Atchison, Topeka & Santa Fe Ry. Co. v. Parr*, 96 Ariz. 13, 15, 391 P.2d 575, 577 (1964) (holding that motions not ruled upon at the time of judgment are deemed denied by operation of law). We have jurisdiction in accordance under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶11 Father argues the juvenile court abused its discretion by finding that he waived his legal right to a trial by failing to appear and by denying his motion for reconsideration of the termination order. Father contends that he presented good cause for his tardiness and absence.

¶12 This court reviews the juvenile court's finding that a parent failed to appear without good cause for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.,* 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 230 (App. 2007). Similarly, this court applies the abuse of discretion standard when reviewing the juvenile court's denial of a motion for reconsideration. *Lashonda M. v. Ariz. Dep't of Econ. Sec.,* 210 Ariz. 77, 84, ¶ 25, 107 P.3d 923, 930 (App. 2005). An abuse of discretion occurs when the juvenile court's decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* at 83, ¶ 19, 107 P.3d at 929.

¶13 The juvenile court may proceed in the parent's absence and terminate his parental rights "based upon the record and evidence

---

[2] Father asserts in the motion that he appeared after the second conference had concluded. He attaches no documentation or affidavits to support this.

presented" if the parent failed to appear "without good cause," had adequate notice of the hearing, and was admonished that his failure to appear could constitute a waiver of his parental rights and an admission of the allegations in the petition. A.R.S. § 8–537(C); *see also* Ariz. R.P. Juv. Ct. 64(C). A parent shows good cause for failing to appear by proving "(1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claim exists." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16, 173 P.3d 463, 468 (App. 2007). Excusable negligence exists if a reasonable, prudent person would have acted similarly in like circumstances. *Id.*

**¶14** This court concludes that the juvenile court did not abuse its discretion by finding that Father failed to show good cause for his absence. The record supports, and Father does not dispute, that he was notified of the time for his scheduled conference and that he was advised, on the Form III notice, of the consequences if he failed to appear.[3] The reason he offered for his tardiness and absence was that he had difficulty using public transportation due to that system's inefficiencies and because of his own immobility after his surgery. Given that Father did not provide medical information or the bus schedule as requested, the juvenile court was free to conclude that Father's failure to adequately plan for his transportation to get to the hearing on time fell short of the reasonable, prudent person standard. *See Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶¶ 12–13, 237 P.3d 632, 635 (App. 2010) (affirming a juvenile court's finding that no good cause existed when a parent arrived late to a hearing and contended she was late because she had to arrange her own transportation).

**¶15** Significantly, Father also failed to present evidence that he possesses a meritorious defense to the petition's allegations. Although he argues on appeal that he has had substantial difficulty participating in services due to his surgery, the argument ignores the record that

---

[3] The juvenile court in April 2014 had severed Father's rights to an older daughter. The court found that Father failed to appear without good cause at two separate hearings. Father's counsel informed the court that Father gave counsel notice that he was in the hospital. The court required Father to provide proof but he did not provide the court or his counsel with any. The court proceeded in his absence with severance and terminated his parental rights. Based on this record, Father knew in advance of the October and November 2014 hearings that his failure to appear at scheduled court hearings could result in termination of his parental rights to A.H. and L.H.

demonstrates Father failed to participate in services after being released from prison but before his surgery. Moreover, he never presented any evidence to the juvenile court, or this court, supporting his meritorious defense argument. *See Richas v. Superior Court,* 133 Ariz. 512, 517, 652 P.2d 1035, 1040 (1982) ("A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge."). Accordingly, the juvenile court did not abuse its discretion by ruling that Father waived his legal rights by failing to appear, and in denying Father's motion to reconsider.

**CONCLUSION**

¶16 For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights regarding the two children.



Ruth A. Willingham · Clerk of the Court
FILED: ama