NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DANICA F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, G.Y., *Appellees*.

No. 1 CA-JV 16-0014
FILED 6-14-2016

---

Appeal from the Superior Court in Maricopa County
No. JD527865
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

---

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Michael F. Valenzuela
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Randall M. Howe and Judge Andrew W. Gould joined.

---

**J O H N S E N**, Judge:

¶1        Danica F. ("Mother") appeals the superior court's order denying her Motion to Set Aside Entry of Default Judgment and the order terminating her parental rights to G.Y. ("Daughter"). For the following reasons, we affirm the court's orders.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Esho Y. ("Father") are the parents of Daughter, born in 2013. Almost a year after Daughter's birth, Mother was arrested for possession of narcotic drugs. The Department of Child Safety ("DCS") took Daughter into custody, and the superior court found Daughter dependent as to Mother and Father. DCS referred Mother for a substance abuse assessment and parent-aide services. Mother, however, did not consistently participate in services and later was arrested and incarcerated. Ultimately DCS moved to terminate Mother's parental rights based on substance abuse, six months' time-in-care and nine months' time-in-care.

¶3        Mother appeared telephonically at the April 2015 initial severance hearing. During the hearing, the court warned Mother that failure to appear at a pretrial conference could result in an adjudication of severance. Mother appeared at the September pretrial conference, and the court set another pretrial conference for December. After Mother did not appear at the December conference, the court allowed DCS to offer evidence in support of the motion to sever Mother's rights. The court then granted DCS's motion to terminate Mother's parental rights to Daughter.

¶4        About two weeks later, Mother filed a Motion to Set Aside Entry of Default Judgment. The court denied Mother's motion and issued a signed order terminating Mother's rights to Daughter on the grounds of substance abuse, six months' time-in-care, and nine months' time-in-care

under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3), (B)(8)(b) and (B)(8)(a) (2016), respectively.[1]

¶5        Mother timely appealed.[2]  We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2016), 12-120.21(A)(1) (2016) and -2101(A)(1) (2016).

## DISCUSSION

¶6        Mother argues she had good cause for her absence from the hearing.[3]  We apply an abuse-of-discretion standard when reviewing a superior court's finding on the issue of good cause for failure to appear. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007).  We will reverse only if the "court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (quotation omitted).  To show good cause, the parent must show that her failure to appear was due to mistake, inadvertence, surprise or excusable neglect, and also must show a meritorious defense to the severance claim. *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007).  "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)).

¶7        The superior court did not abuse its discretion by denying Mother's motion to set aside.  The record shows Mother was informed of the December conference date in September, and she does not dispute that she had notice of the conference.  Additionally, at the April hearing, the court read the Form III notice to Mother and provided a copy to her through

---

[1]        Absent material revision after the relevant date, we cite a statute's current version.

[2]        Father appeared at the December conference and the court affirmed his severance hearing date.  He is not a party to this appeal.

[3]        Mother titled her motion a Motion to Set Aside Entry of Default Judgment.  When the superior court, however, has proceeded after a parent fails to appear for a scheduled proceeding, in ruling on a motion to set aside, the court considers "whether the parent can show 'good cause' as to why they failed to personally appear, and whether, under the circumstances, such failure should constitute a 'waiver of rights.'" *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 14 (App. 2007).

counsel.[4] Mother's explanation for her absence, offered through counsel and not by way of affidavit or other evidence, is that she placed her paperwork in storage and therefore, could not verify her court date. Even if Mother could not access her paperwork, the court had informed Mother of the conference date at the September pretrial conference, and if she was unsure of the date, she could have called her lawyer to ask. Further, Mother's attorney attempted to contact Mother the morning of the December conference, but she did not have Mother's then-current contact information. Because Mother failed to attend the conference after receiving notice and failed to update her contact information with her attorney, the court acted within its discretion in finding Mother did not act as a reasonably prudent person would in the same circumstances.

¶8 On appeal, Mother also argues that she has a meritorious defense to the motion to sever her rights. She contends she had been participating in services and had secured housing for herself and Daughter. But Mother failed to provide any evidence supporting those contentions. *See Richas v. Superior Court*, 133 Ariz. 512, 517 (1982) ("A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge."). Accordingly, the superior court did not abuse its discretion by proceeding with severance in Mother's absence or by denying Mother's Motion to Set Aside Entry of Default Judgment.

¶9 Additionally, sufficient evidence supported the severance under A.R.S. § 8-533(B)(8)(a), which allows a court to terminate a parent's rights to a child when the child has been placed in an out-of-home placement for nine months or longer and the parent has "substantially neglected or wilfully refused to remedy the circumstances that cause the child to be in an out-of-home placement." Section 8-533(B)(8) also requires DCS to make "a diligent effort to provide appropriate reunification services," and that the court consider the best interests of the child before severance.

¶10 Daughter has been in DCS custody for more than a year because of Mother's substance abuse, domestic violence between Mother and Father, and neglect. As part of its reunification services, DCS required Mother submit to drug testing; it also referred her to substance abuse

---

[4] Form III is a template appended to the Arizona Rules of Procedure for the Juvenile Court; it informs parents in a termination proceeding that failure to attend a hearing or conference date could result in the court proceeding with the termination. Ariz. R.P. Juv. Ct. Form III.

counseling and parent-aide services. Mother did submit to drug testing, testing positive for methamphetamines in July 2014 and October 2014, but, according to the case manager, Mother did not comply with all drug testing requirements. Mother also was closed out unsuccessfully from two referrals for substance abuse counseling and from her referral to parent-aide services. Although Mother consistently took advantage of visitation with Daughter, she did not consistently participate in all of the reunification services DCS provided. The case manager testified DCS made diligent efforts to provide Mother with services. Also, Daughter is currently placed with foster placement willing to adopt her. *See Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998) (in determining best interests of the child, the court may consider the immediate availability of an adoptive placement). Thus, the record supports termination based on the nine months' time-in-care ground.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm the court's orders terminating Mother's parental rights to Daughter and denying Mother's Motion to Set Aside Entry of Default.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA