NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TZSIAH E., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, I.E., I.E., *Appellees.*

No. 1 CA-JV 17-0457
FILED 4-26-2018

Appeal from the Superior Court in Maricopa County
No.  JD530003
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Office of the Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

---

**B E E N E**, Judge:

¶1        Tzsiah E. ("Mother") appeals the termination of her parental rights to her two children, I.Z.M.E. (born in 2013) and I.Z.E. (born in 2015) (collectively "the children").  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Mother is the biological parent of the children.  In May 2016, the Department of Child Safety ("DCS") filed a dependency petition alleging Mother was unable to parent due to neglect, substance abuse, and mental health issues.

¶3        During the pendency of the case, DCS provided Mother with several services, including substance abuse testing and treatment, parent-aide services after 30 days of demonstrated sobriety, a psychological consultation, visitation, and transportation.  During this time, Mother tested positive for methamphetamine, cocaine, and benzodiazepines. Mother missed multiple tests with TASC and several times was closed out of another drug testing service due to lack of participation.  Mother failed to demonstrate 30 days of sobriety in order to begin her parent-aide services.

¶4        In March 2017, DCS moved the superior court to terminate Mother's parental rights on grounds of substance abuse and six and nine months' out-of-home placement under Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(3), (8)(a)-(b).  In September 2017, the court held a termination hearing in which Mother failed to appear.  Mother's counsel informed the court that Mother was at home "waiting for transportation" that had not arrived.  DCS indicated that they had arranged for a taxi to transport mother to her hearing, but Mother "was not there to be picked up" at the designated time.  Mother's counsel inquired if the court would allow Mother to appear telephonically, to which DCS objected.  After considering DCS's objection, the court proceeded in Mother's absence.

**¶5** After conducting the hearing *in absentia*, the court terminated Mother's parental rights on the grounds alleged in the petition and found that severance would be in the children's best interests. Mother filed a motion for reconsideration, indicating that she would have presented a meritorious defense had she been able to participate in her termination hearing. The court denied the motion. Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. Standard of Review

**¶6** The right to parent one's child is fundamental but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8-533," and by a preponderance of the evidence that termination is in the best interests of the child. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000); *Kent K.*, 210 Ariz. at 284, ¶ 22.

**¶7** We review an order terminating parental rights for an abuse of discretion and will not reverse unless there is no reasonable evidence to support the order. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

### II. Abuse of Discretion

**¶8** Mother does not challenge the superior court's finding of termination under A.R.S. §§ 8-533(B)(3), (8)(a)-(b). Mother instead argues that the court abused its discretion and violated her due process rights when it refused to permit her to participate telephonically in her termination hearing. We review the court's ruling on a discretionary matter, such as refusing a parent's request to appear telephonically, for a clear abuse of discretion. *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 234, ¶ 13 (App. 2005). We "will reverse only if the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (internal quotations and citation omitted).

**¶9** The superior court "may permit telephonic testimony . . . in any dependency, guardianship or termination of parental rights hearings." Ariz. R.P. Juv. Ct. ("Rule") 42. However, the court is not required to permit telephonic appearances. *See Willie G.*, 211 Ariz. at 234-35, ¶ 17 (finding that the court did not abuse its discretion by refusing to allow parents to appear telephonically). Under Rule 66(D)(2),

> If the court finds the parent . . . failed to appear at the termination adjudication hearing without good cause shown, had notice of the hearing, was properly served . . . and had been previously admonished regarding the consequences of failure to appear, including a warning that the hearing could go forward in the absence of the parent . . . and that failure to appear may constitute a waiver of rights, and an admission to the allegation contained in the motion or petition for termination, the court may terminate parental rights based upon the record and evidence presented if the moving party or petitioner has proven grounds upon which to terminate parental rights.

**¶10** Although the court is entitled to terminate the parent's rights if the parent is absent from his termination hearing, the court may set aside a termination order if the parent shows good cause for his absence. *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007); *see Willie G.*, 211 Ariz. at 234, ¶ 13 ("Determining what constitutes good cause for a party's failure to appear at a hearing is largely discretionary.") (internal quotations and citation omitted). "In order to show good cause, the moving party must show that (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists." *Christy A.*, 217 Ariz. at 304, ¶ 16. "In the context of a severance proceeding, we consider a meritorious defense to constitute nothing more than a good faith basis upon which to contend that . . . termination is not in the best interests of the child." *Id.* at 304, ¶ 15 n.11 (internal quotations omitted).

**¶11** Here, Mother failed to show good cause for her failure to appear. DCS ordered a cab for Mother to pick her up one hour and fifteen minutes before her termination hearing, but Mother "was not there to be picked up." At the hearing, the superior court denied Mother's request to appear telephonically. The court determined that "[g]iven the fact that mother is not here, and it appears that transportation was sent for her, and she wasn't present at the place where the transportation was sent, I'm going to go ahead and proceed in her absence as to the severance." Mother's failure to appear did not constitute either a "mistake, inadvertence,

surprise, or excusable neglect" required to show good cause. *Christy A.*, 217 Ariz. at 304, ¶ 16.

**¶12** Mother claims she had a meritorious defense as to best interests. In Mother's motion for reconsideration, she argued that her defense to the superior court's best interests determination was that "she has a good relationship with the children" and "feels that it would not be in the best interest of the children to sever her parental rights." However, Mother's proffered defense is belied by the facts in the record that indicate Mother (1) continued either to abuse substances or failed to participate in substance abuse testing, (2) failed to participate in reunification services, and (3) infrequently attended visitations with the children. *See Richas v. Superior Court*, 133 Ariz. 512, 517 (1982) ("A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge."). Therefore, we find that Mother failed to show good cause for her failure to appear and that the court did not abuse its discretion in denying Mother's request for telephonic appearance.

### III. Due Process

**¶13** Mother also argues that the superior court's denial of her request for a telephonic appearance violates her due process rights. Whether a party is afforded proper due process presents a question of law we review *de novo*. *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016) (citation omitted). "[A] parent has due process rights to be present, to participate, and to testify in the termination adjudication hearing." *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, __, ¶ 23 (internal quotations and citation omitted). However, when the parent is absent, "to comply with due process principles, . . . the absent parent's counsel has a right to fully participate in the hearing on the parent's behalf, including a right to cross-examine the state's witnesses, object to proffered evidence, and present witnesses or other evidence." *Id*. at __, ¶ 30.

**¶14** The record reflects Mother's counsel was present at and participated in the termination hearing. Counsel cross-examined DCS's witness and was given the opportunity to comment on the admissibility of evidence and present information and argument to the court. Therefore, Mother participated in the hearing through her counsel and has not shown any due process violation.

### IV.  Best Interests

**¶15**  "Best interests" is a technical term that does not always carry its broad colloquial meaning.  It is unconstitutional "to force the breakup of a natural family . . . without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest." *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978).  Indeed, "[t]he State's interest in finding the child an alternative permanent home arises only when it is *clear* that the natural parent cannot or will not provide a normal family home for the child."  *Santosky v. Kramer*, 455 U.S. 745, 767 (1982) (internal quotation and citation omitted).

**¶16**  While the severance-ground inquiry focuses on the parent, the best-interests inquiry primarily focuses on the child.  *See Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 15 (2016); *Kent K.*, 210 Ariz. at 287, ¶ 38.  Best interests is a fact-specific, case-by-case determination in which the court balances a parent's interest in maintaining a relationship with his or her child (diluted by the existence of a severance ground) against the child's interest in a safe and stable home life. *Demetrius L.*, 239 Ariz. at 4, ¶ 15; *Kent K.*, 210 Ariz. at 286, ¶ 35.  Though severance grounds usually have a negative impact on the child, the existence of a ground is not itself a basis for an adverse best-interests finding—something more is required.  *See Maricopa Cty. Juvenile Action No. JS-500274*, 167 Ariz. 1, 5 (1990).  Severance must affirmatively benefit the child or eliminate a detriment of the parental relationship. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 8 (App. 2016).

**¶17**  Mother argues that the superior court abused its discretion and failed to make a valid best-interests determination because it was not supported by sufficient findings of fact.  She argues that the court's only best-interests findings were that (1) the children are adoptable; (2) their placements are meeting their needs; and (3) they would gain permanency and stability through severance, which she contends is "insufficient to support a best-interests determination" under *Alma S. v. Dep't of Child Safety*, 778 Ariz. Adv. Rep. 24 (App. Nov. 14, 2017).

**¶18**  Here, the superior court's finding that severance was in the children's best interests is supported by a preponderance of the evidence. The court found that DCS proved by clear and convincing evidence the basis for termination as to Mother.  This evidence included testimony from the DCS case manager that Mother "left [the children] in the care of an individual who was unable to properly care for them, including providing for their basic needs[;]" "had tested positive . . . for methamphetamine,

cocaine, and benzos" and missed multiple substance abuse tests; had not "demonstrated any semblance of sobriety" by the time of the hearing; and "was inconsistent in her visits" with the children.

¶19      The DCS case manager further testified that severance and adoption would be in the children's best interests because it would provide them "with a stable home that is free from substance abuse and neglect, that will allow . . . them to grow and have their basic needs met." She also testified that the children are currently placed together in an adoptive placement that is meeting their needs and in which they and the placement have bonded. Specifically, the placement is meeting I.Z.M.E.'s special needs, namely his food allergies, as well as "several ear infections that have resulted in tubes being placed in his ears." Because reasonable evidence supports the court's findings that termination was in the children's best interests, we affirm. *See Mary Lou C.*, 207 Ariz. at 47, ¶ 8.

**CONCLUSION**

¶20      Accordingly, we affirm the superior court's termination of Mother's parental rights to the children.

